### WILLIAM BRADBURY *versus* SAMUEL H. BLAKE.

If a note be given to prevent the sale of an equity of redemption, so that a clear title to the same land under a deed, should be obtained by a relative of the maker; or if the payee parted with a right which he had under an attachment of land, by omitting to levy thereon, in consequence of the note; such note is not void for want of consideration.

ASSUMPSIT upon an instrument of which a copy follows: " I hereby, value received, promise and engage to pay William Bradbury two hundred dollars and interest in one year from this date, provided Elisha H. Allen shall not redeem lot No. 207, and house thereon, the equity of redeeming of which has this day been sold to said Bradbury; said redemption to be in one year from date. Feb. 19, 1838.

" Witness, Allen Gilman. " S. H. Blake."

It was admitted, that Allen did not redeem the lot. The defendant introduced in evidence a paper of which the following is a copy. " Whereas I, the subscriber, have this day purchased the right in equity of redeeming a certain lot and dwellinghouse, being lot No. 207, lying on Cumberland Street and Broadway in Bangor, and have received of S. H. Blake his obligation for $200 in one year and interest, and have agreed to transfer all my right to said lot to said *Blake* on the following conditions, viz. that if Elisha H. Allen shall fail to redeem the same at the sum of one thousand dollars and interest, and the said Blake or his assigns shall pay in addition to his said obligation for $200 and interest, within one year from the date, the sum of eight hundred dollars and interest; now I hereby engage to convey all my right of redeeming said lot, No. 207, to said Blake on the above conditions happening.

" Witness, Allen Gilman. " William Bradbury."

This paper was without date but was made at the same time as the one signed by the defendant.

The facts sufficiently appear in the opinion of the Court.

The case was taken from the jury, and by the parties, agreed to be submitted to the opinion of the Court on the report of the Judge, the Court having power to decide both law and fact upon the evidence.

*Prentiss*, argued for the plaintiff, citing 13 Maine R. 394; 8 Greenl. 94; 2 Hill'd Abr. 427, 428; 7 Greenl. 195; 3 Metc. 275.; 21 Maine R. 327; 5 Pick. 393; Com. on Con. 12; 4 Metc. 211; 9 Pick. 305; 22 Maine R. 502; 19 Pick. 330; 2 N. H. Rep. 97; 2 Fairf. 459; 17 Maine R. 378; 16 Maine R. 458; 3 Stark. Ev. 1046; 1 Greenl. Ev. 284, 286; 2 Fairf. 398; 20 Maine R. 56; Chitty on Bills, 70; 21 Maine R. 154; 10 Mass. R. 423; 14 Pick. 210; 2 Greenl. 390; 7 Mass. R. 14; 8 Mass. R. 51; 10 Mass. R. 279; 15 Mass. R. 171; 1 Greenl. 352; 20 Pick. 105; 19 Maine R. 74; 17 Maine R. 85; 9 Greenl. 128; 14 Maine R. 276; 15 Maine R. 350; 21 Maine R. 488; 17 Maine R. 325.

*Blake* argued *pro se*, citing 22 Pick. 175; 17 Maine R. 298; 1 Story's Eq. 122.

The opinion of the Court was drawn up by

Tenney J. — It is admitted, that E. H. Allen did not redeem lot No. 207, at any time. The sale of the equity of redeeming, referred to in the note, took place upon an execution in favor of the plaintiff against one Niles, the interest of the debtor as mortgagor, in lots 207 and 208, having been attached on the original writ, and taken upon execution in season to save the attachment. The defendant introduced a writing of the same date as that of the note, in which, after stating the purchase of the right in equity of redeeming lot No 207, and that he held the defendant's obligation for $200, payable in one year with interest, the plaintiff agreed to transfer all the right which he had acquired therein, on condition that E. H. Allen should fail to redeem the same in one year, and the defendant should pay within the same time in addition to the amount which should be due upon his obligation, the further sum of $800, with interest. He also proved by evidence, which was objected to, that the plaintiff, before the expiration of the year, conveyed his interest in lot No. 207 to another person, and did not afterwards receive a reconveyance. Allen Gilman, the subscribing witness to the contract, introduced by the defendant, was called to prove its execution, and he testified further, that after the sale and on the same day, he wrote the note and the other instrument at the same time; that previous thereto, he heard a part of a conversation between the parties in reference to a release by the plaintiff of his attachment upon lot No. 208, and afterwards, they being together, stated to him the bargain, which they had made with each other, "and he had no doubt the two hundred dollars was given for the release, or the omitting to levy Bradbury's execution on lot No. 208." It appeared, that Niles had conveyed lot No. 208 to Wm. A. Blake, the defendant's brother, by deed dated on the same day of the plaintiff's attachment, but not recorded till one month afterwards; the defendant, however, introduced evidence, which was objected to, tending to show, that Wm. A. Blake was in possession of the premises

mentioned in the deed as early as its date, and built a house thereon after that time.

The defendant contends, that by the conveyance by the plaintiff, the consideration of the note, which he insists was the conditional agreement to transfer the equity to him, has failed. The note, as well as the other sum named in the plaintiff's agreement, was to be paid in order to entitle the defendant to a deed of the right, acquired by the plaintiff, and the contract discloses nothing, showing that the note was not a part of the consideration of that contract; but this is insufficient, as the defendant must show affirmatively what was the consideration, and also that it has failed. The recitals in the contract of the plaintiff may all be true consistently with a consideration entirely distinct from that contract, and the testimony of Mr. Gilman shows that the note was given to carry into effect another agreement between the parties, which he had knowledge of.

It is however contended that the evidence of Mr. Gilman shows that the note was destitute of any consideration, which the law will regard, at the time it was given; that the plaintiff secured no right by his attachment in lot No. 208; and that if Niles had any interest therein, the defendant obtained nothing for the note.

Assuming that the plaintiff was affected by the deed of Niles to Wm. A. Blake, immediately upon its execution, his attachment was as early as the conveyance, and would secure to him certainly a moiety of the debtor's interest in lot No. 208, as there is nothing tending to prove, that Niles had in any other mode disposed of his right therein. All interested in any manner in lot No. 208, were at the time of the sale of the equity in lot No. 207, charged with actual or constructive notice of the plaintiff's attachment thereon, and if the defendant gave his note to prevent a sale of Niles' interest in that lot, and to give to his brother an indefeasible title under his deed; or if the plaintiff parted with a right which he had under his attachment, by omitting to levy thereon, in consequence of the note, there certainly was a consideration, which the law will

recognize. And as that it was one or the other, or both, appears from the testimony and by the argreement, a

*Default must be entered.*